Filed 3/17/21  P. v. Scoggins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>WESLEY SHAWN SCOGGINS,<br><br>　　　　Defendant and Appellant. | C092018<br><br>(Super. Ct. No. 62167548A) |

Defendant Wesley Shawn Scoggins appeals from an order denying his postjudgment petition for resentencing pursuant to Penal Code section 1170, subdivision (d).[1]  Appointed counsel for defendant asks this court to review the record to determine whether there are any arguable issues in accordance with *People v. Wende* (1979)

---

[1]  Further undesignated statutory references are to the Penal Code.

25 Cal.3d 436 (*Wende*). We conclude defendant is not entitled to *Wende* review and will dismiss the appeal.

## BACKGROUND

On October 23, 2019, defendant pleaded no contest to attempted pandering by encouragement. (§§ 664, 266i, subd. (a)(2).) Defendant also admitted to being previously convicted of two strike offenses (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and serving a prior prison term (§ 667.5, subd. (b).) As part of the negotiated plea, defendant and the People agreed defendant would serve a stipulated term of five years in state prison.

At the sentencing hearing on December 4, 2019, the People noted they negotiated the disposition "based on the agreement that the defendant would serve the one-year sentence as a result of the [section] 667.5[, subdivision] (b) prior." The trial court advised defendant accordingly: "[Y]ou understand this is a negotiated disposition, five years. You would not be able to appeal the sentence or petition the Court to reduce the sentence at all. Do you understand that? [¶] THE DEFENDANT: Yeah." The trial court then sentenced defendant to the stipulated term of five years, in accordance with the plea agreement.

On March 30, 2020, defendant petitioned the trial court to recall his sentence pursuant to section 1170, subdivision (d). In support of his petition, defendant argued he was entitled to the benefits of Senate Bill No. 136 (2019-2020 Reg. Sess.), which took effect on January 1, 2020, and have the trial court strike his prior prison term enhancement. Defendant acknowledged waiving the right to challenge that enhancement at sentencing, but, relying on newly enacted section 1016.8, he argued that waiver was " 'void as against public policy.' "

After hearing argument from both parties and reviewing the language of section 1016.8, the trial court denied defendant's petition. The trial court found defendant was informed of the upcoming change in the law relative to prior prison term enhancements at

2

the time of sentencing.[2]  As a result, the court concluded, when defendant waived his right to challenge his sentence, his waiver was "knowing, intelligent, and voluntary." Defendant did not "generally waive unknown future benefits of . . . changes in the law . . . ."  Defendant's waiver thus did not violate public policy.

Defendant appeals from that order.

DISCUSSION

Counsel filed an opening brief that sets forth the relevant procedural history and facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed but has not done so.

Review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], is required only in the first appeal of right from a criminal conviction.  (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).)  And the due process right to *Anders/Wende* review applies only in appellate proceedings in which a defendant has a previously established constitutional right to counsel.  (*Ben C.*, at pp. 536-537; *Serrano*, at p. 500.)  The constitutional right to counsel extends to the first appeal of right, and no further.  (*Serrano*, at pp. 500-501.)  Although a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (§§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional.  Thus, a defendant is not entitled to *Wende* review in such an

---

[2]  The trial court references a discussion about Senate Bill No. 136 during the "colloquy" on September 4, 2019.  The record on appeal does not include a reporter's transcript from that date.

appeal when appointed counsel finds no arguable issues on appeal.  (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to § 1016.5].)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano, supra*, 211 Cal.App.4th at p. 501.)  Applying *Serrano* here, we conclude that defendant has no right to *Wende* review of the order denying his postjudgment request that the trial court recall his sentence under section 1170, subdivision (d).  Further, given defendant's failure to file a supplemental brief despite being advised of his right to do so, we will dismiss defendant's appeal as abandoned. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040 [because postjudgment order appealed from is presumed to be correct, where defendant does not file a supplemental brief, the Court of Appeal may dismiss the appeal as abandoned], review granted Oct. 14, 2020, S264278.)

## DISPOSITION

The appeal is dismissed.

     /s/     
RAYE, P. J.

We concur:

     /s/     
BLEASE, J.

     /s/     
HOCH, J.